**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EZRA BENJAMIN, | : | |
|     Petitioner, | : | CASE NO. 3:19-CV-1187 (MPS) |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF CORRECTION, | : | |
|     Respondent. | : | October 1, 2019 |

_____

**ORDER TO SHOW CAUSE**

On August 1, 2019, the petitioner, Ezra Benjamin, a prisoner currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2002 state convictions. ECF No. 1 at 2. The petitioner was convicted in one information of assault in the second degree,[1] unlawful restraint in the first degree,[2] and assault in the third degree[3] and in a second information of sexual assault in the first degree,[4] assault in the second degree, unlawful restraint in the first degree, and assault in the third degree. *State v. Benjamin*, 86 Conn. App. 344, 345, 861 A.2d 524 (2004). The state court sentenced him on January 10, 2003 to forty years of imprisonment. ECF No. 1 at 2; Connecticut State Department of Correction, Inmate Information, Inmate No. 250838, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=250838.

The petitioner appealed his convictions on March 20, 2003 claiming that: (1) his second-degree and third-degree assault convictions violated the state and federal constitutional prohibitions against double jeopardy, (2) the trial court improperly instructed the jury on the

---

[1] Conn. Gen. Stat. § 53a-60(a)(1).
[2] Conn. Gen. Stat. § 53a-95.
[3] Conn. Gen. Stat. § 53a-61(a)(1).
[4] Conn. Gen. Stat. § 53a-70(a)(1).

unlawful restraint charge, and (3) prosecutorial impropriety deprived him of a fair trial. ECF No. 1 at 3; *Benjamin*, 86 Conn. App. at 348-62. On December 14, 2004, the Connecticut Appellate Court reversed the trial court's judgment with respect to the first claim and remanded the case with instructions to merge the second-degree and third-degree assault convictions and vacate the sentences for third-degree assault. *Benjamin*, 86 Conn. App. at 352. The Appellate Court affirmed the judgment in all other respects. *Id.* at 362. The petitioner did not seek certification to appeal the Appellate Court's decision. ECF No. 1 at 3.

On July 12, 2012, the petitioner filed a petition for writ of habeas corpus in state court. ECF No. 1 at 5; *Benjamin v. Warden*, No. TSR-CV12-4004820 (Conn. Super. Ct. July 12, 2012). He claimed that trial counsel was ineffective by (1) failing to properly investigate his case, (2) violating the "*Cronic* standard,"[5] and (3) failing to properly cross-examine witnesses. ECF No. 1 at 5. The state court rejected his petition on January 11, 2018. *Benjamin*, No. TSR-CV12-4004820. Thereafter, the Connecticut Appellate Court dismissed the petitioner's appeal, and on June 12, 2019, the Connecticut Supreme Court denied certification to appeal the Appellate Court's decision. *Id.* The petitioner now raises the same three claims regarding trial counsel's representation in his federal petition. ECF No. 1 at 9-17.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the ability of prisoners to seek federal review of their state criminal convictions. *Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000). AEDPA provides a one-year statute of limitations for federal habeas actions filed by prisoners in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1); *Murphy v. Strack*, 9 F. App'x 71, 72 (2d Cir. 2001). The one-year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review

---

5 The petitioner is presumably referring to *United States v. Cronic*, 466 U.S. 648 (1984).

or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A state habeas action or other form of post-conviction review tolls or interrupts the running of the limitation period. 28 U.S.C. § 2244(d)(2); *Smith*, 208 F.3d at 17. When the state post-conviction review terminates, the "clock restarts" and the limitation period resumes. *Holland v. Florida*, 560 U.S. 631, 638 (2010) (citing *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000)). State post-conviction review does not "resuscitate an expired period." *Murphy v. Strack*, 9 Fed. Appx. 71 (2d Cir. 2001).

It appears from the face of the petition that over seven and a half years elapsed between the date of the Connecticut Appellate Court's decision, December 14, 2004, and the filing of the state habeas petition, July 12, 2012. This time period significantly exceeds the one-year limitations period established under AEDPA. Thus, the instant petition appears untimely.

Based on the foregoing, the Court hereby **ORDERS** the petitioner to show cause within **thirty (30) days from the date of this Order** why his federal petition should not be dismissed as time-barred under § 2244(d)(1). Any such response may include any grounds for equitable tolling, as set forth in *Holland*, 560 U.S. at 659-50. **Failure to file a supplemental pleading within thirty (30) days from the date of this Order will result in the dismissal of the petition with prejudice.**

It is so ordered.

Dated at Hartford, Connecticut, this 1st day of October 2019.

/s/
Michael P. Shea
United States District Judge